May it please the court, good morning. My name is Dave Canarium. I am here for 3123 SMB. This case presents a pretty straightforward issue for the court. What do we do with a corporation that effectively does nothing under the HERSH standard in determining what state it is a citizen of? Here we have a corporation that at the time the lawsuit was filed had only incorporated. It had done effectively nothing else. Did it have time to do anything else? They had incorporated approximately one month before the suit was filed, your honor. So there had been no time to do anything. And as a practical matter, this is a holding company. So what they would do even over the course, as we found out later, even over the course of a year, is effectively incorporate, hold a board meeting, and that's pretty much it. They hadn't done any of that yet, though. They had not held a board meeting yet, your honor. We knew where the board meeting was to be held because we knew where the principal place of business was. The record doesn't disclose this, but I think, and that's why I want to ask you if it does. Sure. Why Missouri? The fundamental reason, your honor, is... Wasn't it to create diversity? It was not, your honor. And I mean, I think that was addressed in the record. It was addressed in the record because that question was specifically asked. Well, the judge didn't find it. But my question is, what other reason in the record is there to create a holding company in Missouri to hold on to real estate in California that's owned by two Californians? Yeah, he gave two reasons, your honor. Number one was estate planning purposes. As you recall, the LLC that had been the member of 3123 prior to Lincoln One taking over as the member had only had one member, Tony Kling, as the sole member and the one 100% who was an owner. The subsequent corporation, Lincoln One Corporation, was formed because there was a 25%, 75% split and Mary Kling... That's a very good reason to form a holding company. Yeah. Lots of reasons in this to form a holding company. Why in the state of Missouri? Two reasons. Number one, frankly, I'm there. And I, both the corporate attorney for the Klings and myself, who was the litigation for the Klings, that's where my office is. Is that in the record? Oh, yeah. The reason that they chose Missouri out of all the 50 states and the various territories was because you were there? That was one reason. It was for convenience, is what he said. And the convenience was I was there and his corporate attorney was there. The other reason is that the Klings are from St. Louis. They have holdings in St. Louis. They have real estate in St. Louis. They do business in St. Louis. But none of the corporate assets are in St. Louis in this case? No. Well, no. The only corporate asset that exists for Lincoln One, which is the corporation... Is its ownership interest in... That is the only thing that they own. Okay. Okay. Is there any indication in the record as to whether litigation was contemplated at the time that it was incorporated in Missouri? That question was never asked, Your Honor. How swiftly did litigation ensue after the incorporation? One month. One month. And my recollection of that was, and I take that back, my recollection of there was a question in the record that was specifically asked, did you form this corporation in order to file a lawsuit? And the answer was no. Did the judge make a finding on that? The judge made no finding at all because that would be a case of jurisdictional, if I can speak this early in the morning, jurisdictional manipulation. And the court made no finding that such jurisdictional manipulation took place. Because the court found that it didn't really matter because the court thought the principal place of business was in California. But they certainly, she certainly could have, Your Honor. Right. Because it was raised. She wasn't required to confront that issue having decided already there was no diversity. And I agree with that, Judge. I agree with that. Well, if we send it back, does she have another opportunity to determine whether there's jurisdictional manipulation here? I suppose, but I would note two things, Judge. Number one, both parties felt that there wasn't any reason to do that. And it goes to the second reason, which is we have all the facts. I mean, there are no facts that we can establish at this point that are beyond what we know. And in effect, the facts are undisputed. I mean, what happened here, the formation of the corporation, why it was formed, what happened, and what the corporation did in that time period. Sure, but if the facts are suggestive of jurisdictional manipulation and the district court never reached that question, we don't reach that question in the first instance here, even though the facts are undisputed. Is that correct? I would agree with that, Judge. Put aside jurisdictional manipulation for a second. Sure. We have a corporation that's just been incorporated and hasn't done, as you candidly say, anything. No. The Third Circuit case we asked you all to address involves a corporation that's a holding company, but the Third Circuit looks at it and says, well, it had meetings, people came there, it has books there, et cetera. What do we do with a company that – what is the principal place of business of a company that has done no business? An excellent question, Your Honor, which is why we're here. And that's what we're all trying to figure out because there is no case that I could find that addressed that issue. And here is what I would propose is, is that there are two ways to look at this. We can come at it from one way, which is what do we do, and come at it the different way, what we can't do. What can we do? Well, here is what we know is, is that we know that it identified its principal place of business in its papers. And I know the Supreme Court said we can't use papers, but I would note that the Supreme Court in finding that was talking about an SEC filing that did not identify the principal place of business. It identified the principal executive offices. Here we have a filing that identifies the principal place of business of the corporation. It's the Missouri Secretary of State filings, and it specifically says where that principal place of business is. But that would be a blanket rule, would it not, for a company that's done nothing else, that as long as it identifies its principal place of business in its state, wherever it identifies it, that's its principal place of business. And I think what we can add to that, Your Honor, is what occurred to here is what happened subsequently. Subsequent doesn't help you. You have to have diversity on the day of the filing of the case. I agree with that, Your Honor. But what we know is it was confirmed later. Now, if it wasn't. After I said it's completely irrelevant, you tell me the facts. It's completely irrelevant. I mean, it would make no difference if later you opened a headquarters in Columbus, Ohio. Either your principal place of business on the date of filing is. So I have one other question on this, and this is one I'm not sure I know the answer to. Is it possible for a corporation not to have a principal place of business? I don't think so, Your Honor. I can't find any case law. That's why I'm asking. And I don't think so because it has to do something. I mean, a corporation at some point. It doesn't have to do anything. It has to have a board meeting every year. It has to do that to satisfy its. Let me refine my question. Is it possible that a corporation doesn't have a principal place of business until it does something? Yes. Okay, if that's the case, where does that leave us here? In that case, then, a principal place of business that does not exist, then we have the state of incorporation. Do you want to save a little bit of time? I do, Your Honor. Thank you very much. Good morning, Your Honors. Sean Lepton on behalf of Stephen Horn. May it please the Court. Listening to the argument that Mr. Connerium just presented and the fact that it is premised on the idea that this company has done nothing, I think is disputed by the record because 3123 and Lincoln One, at a minimum, had this. Lincoln One was incorporated and then acquired 3123 SMB, a holding company has to take at least some action to hold it. Where did that acquisition take place? Well, there's no evidence that it took place in Missouri. And there's no evidence it took place in California either. That's correct, yes. So we're still stuck with a company that doesn't appear to have done anything in any state that we can identify, right? Well, I think then the issue is the burden. It's plaintiff's burden to show that the principal place of business was Missouri. And if we have activity that took place, no evidence that it took place in Missouri. In fact, we have counter evidence. Well, let me give you a hypothetical and flip it around. So let's say I want to form a holding company because I've got substantial ties in Missouri. I form the holding company in Missouri intending to have board meetings every quarter. But before that happens, I get sued. What's the place of incorporation? Well, the place of incorporation would be Missouri, the principal place of business. If nothing happened, it begs the question of why you would be sued. What's the citizenship? The citizenship in that instance, I believe, would be Missouri. But here we have a different situation because the holding company actually did do something. It acquired the operating company. And it also is the party that's trying to invoke the court's jurisdiction. So if they had waited until they held a board meeting? If they had waited until they had a board meeting, I think it's a much closer call. It's not a close call at all. You've got a holding company that's done nothing except hold a board meeting. The only place it had done any business was in Missouri. So we would then find it to be Missouri, wouldn't we? Isn't that what the Third Circuit case tells us? If you've got a holding company that holds board meetings in a state, then that's what we'll call its principal place of business, absent some other evidence of doing business. Right. I mean, the Third Circuit says, essentially, that when you are trying to find the nerve center of a holding company, in certain instances it can be determined by the board of directors meeting if that's where the decisions are actually made. Is it possible? I asked your colleague this. Is it possible not to have a nerve center at this early stage of gestation? You know, I looked into that, Your Honor. I tried to find a case that says what happens if you incorporate a company and then it doesn't do anything. And I didn't find any case that addressed that issue. So I think it's because a corporation that hadn't done anything would not be involved in a lawsuit. Well, but we have one here. Well, but we don't have a corporation that hasn't done anything. We have a corporation that acquired 3123 SMB. We also, I would add, we have the deposition of Anthony Kling, and he is talking about the operations of Lincoln One and that they're a real estate company. They manage 3123 SMB. In order to the district court made a factual finding on whether or not Lincoln One had done anything and found that to be totally implausible or completely implausible. And the reason I think the district court found that was because the plaintiff is asking the court to believe that there's this flurry of activity in September of 2014 that Lincoln One incorporates in Missouri. It's given a business purpose to manage and direct 3123 SMB. It acquires this company. The business purpose particularly includes prosecuting lawsuits. Two lawsuits are filed. This case is filed a month later. There's another case that was filed in June of 2015. Now it sounds like you're arguing jurisdictional manipulation. I do believe there's jurisdictional manipulation. But the district court never made that finding. Should we send it back for that finding to be made? I don't think that's necessary because the district court's findings are that the corporation hasn't established that its principal place of business is Missouri. So your argument is, in effect, that the principal place of business of this holding company is to file lawsuits and its business was conducted in California because that's where it filed its lawsuits. That is a fair statement. I think that the Coefficient case, the Coefficient Energy case, presents very similar facts to that. Where was the decision to file the lawsuit made? Was it made in Missouri? We know that the officer of Lincoln One hasn't been to Missouri since the date it was incorporated until the telephonic appearance a year later. So I don't know exactly where the decision was made. I can't tell you on this record where that was made. I can tell you that it was not Missouri. If we can just take one step back. A moment ago you mentioned one of the Klings. Would you agree that the Klings are high-level officers? Mary Kling is a high-level officer. She's the only officer. She's the president and secretary. Anthony Kling is not an officer of the company. Well, don't you agree that there were substantial issues that were directed and controlled from Missouri? Not at the time this case was filed, no. There's no evidence at all that anything had happened in Missouri by the time this case was filed, except for the filing of the articles of incorporation by the attorney. Going back to Judge Hurwitz's hypothetical, if the holding company was incorporated and they waited a month, held a board meeting, and then sued, did you say, did I understand your answer to be that the citizenship would then be in Missouri? If the holding company had already held a board meeting and that was where the- They held a board meeting. They incorporated. They held a board meeting, and then a week after they held the board meeting they filed the lawsuit. Is there a question of citizenship? I believe so if that's where the decision was made, and that's assuming that the court follows the Third Circuit argument that the board meetings can control. I think that's in conflict with Hertz. So let's combine that with the hypothetical that I gave you earlier. A holding company incorporated Missouri, but before we had a chance to hold the board meeting, on the eve of the board meeting, we get sued. The holding company gets sued. So under your argument, one company would have the benefit of citizenship in Missouri, but the other company wouldn't? I think in order to establish a principal place of business in Missouri, something has to be done in Missouri. If there's an intention, I mean, the intention to do something is essentially what Plaintiff is arguing here. He says, well, we intended to have this board meeting and we had it a year later. And so that should somehow establish, as Judge Hurwitz pointed out, that's not the law. You have to have taken some activity in order to conduct some business somewhere, to have a principal place of business. I'm interested in your suggestion that the Third Circuit case conflicts with Hertz. I don't read it that way. I read the Third Circuit cases saying we're looking for the nerve center, and with a corporation like this we look to see what it does and where it does it. And if the only purpose of the company is to hold stuff and have board meetings, if they hold them in the state of incorporation, that's good enough for us. But I think the Third Circuit tries very hard to find the nerve center of the holding company. Well, Your Honor, I would suggest this. The Supreme Court in Hertz and in Cardin has expressed a clear preference for simple, mechanical rules for the way to determine a company's principal place of business. In Hertz it specifically said, we conclude that the principal place of business is best read as a place where the corporation's high-level officers control, direct, and coordinate the company's activities. And in that case, and in the Third Circuit case, I'm not sure why we need to argue about it. That's precisely what they found, that the high-level officers of the holding company held board meetings in Delaware. People occasionally traveled there. Their books were kept there. I think the Third Circuit case faithfully applies. I'm not sure it helps either of you here, but I don't see it as contrary to Hertz. The way I read it, they were looking to the board of directors' meetings, which is something. What else does a holding company do? Well, a holding company typically just holds assets. But this particular company, which Plaintiff is claiming is a holding company, had a purpose of directing and managing another company regarding its real estate operations. The lawsuits, there's this lawsuit. Was the other one filed before this one or after this one? After. So that's irrelevant, isn't it, in terms of doing business? Yeah, I would agree. So we'd have to find that the business that you think the corporation engaged in in California was filing this lawsuit. Well, no. The business that I think the corporation engaged in was acquiring 3123 SMB and establishing itself as the entity that directs and manages that company. And that is something that indisputably happened before this case was filed. And it didn't happen in Missouri. The held company, these are both LLCs, so they're really... Well, Lincoln One is a corporation. It's a corporation. Lincoln One's a corporation, but with one shareholder, right? Two shareholders. The Klinks. The Klinks, right, yeah. Okay. What does it do other than own the piece of property that's subject to this case? What does 3123 do? No, what does the held corporation do? Not the holding company. Right, 3123, the plaintiff. It supposedly manages this property. Any property other than this property? No, it's just this one property. So the plaintiff in this case businesses to manage this piece of property. Yes. And the plaintiff in this case is the Missouri Corporation. No, the plaintiff in this case is the LLC. That's right. That's why I was asking you to distinguish between the two. Right, yeah. The plaintiff in this case is just a holding company. No, the plaintiff in this case is a real estate management company that is in the business of managing this property on Santa Monica Boulevard. I'm sorry, I'm confusing the plaintiff and defendant. My mistake. Isn't that why the district court's decision seems a little odd to me? Because this very discussion, the LLC's day-to-day activities is different than Lincoln One, the holding company, right? We've got to make that distinction under Hertz and the Third Circuit case. Yeah, they have different purposes. Supposedly, this is the situation that— Didn't the district court conflate those purposes? When the district court order said that the operations of Lincoln One are directed, controlled, or coordinated from Missouri, wasn't the district court talking about the LLC's activities and not Lincoln One's activities? No, I don't agree with that. I believe that the district court was talking about Lincoln One's activities. If you look at the second paragraph of the district court's— What evidence in the record shows that Lincoln One's activities were to conduct the day-to-day operations of this building in Santa Monica? The LLC's responsibility. Right, that Lincoln One's day-to-day activities were to control and manage the 3123 property. It's on pages 44 and 45. Right, so why does Lincoln One's citizenship matter? Well, Lincoln One's citizenship is dispositive of 3123's citizenship because as an LLC, it assumes the citizenship of every one of its members. Okay, so now let's come back to the LLC. The LLC is doing business in California, is it not? Yes. It is managing real estate property. It is, and Lincoln One is too. Lincoln One is directing— This is a strange fiction that we have because when we look at an LLC, we look at the shareholder. Even though the LLC may be doing business on its own, we don't look at its business. We look at the shareholder's business. Exactly. It's an interesting situation where you have the LLC wholly owned by a corporation. It makes a huge difference that it's an LLC and not a corporation. So if this were a corporation, then this would be an easy case, wouldn't it? If this were a corporation, we would look at where if 3123 SMB were a corporation, we would look at where it did its business. And it does its business in California. Well, counsel, wouldn't it make sense to send it back to have the district judge clarify that? I don't think that there's anything to clarify. I would say this. The district judge's findings are reviewed under the clear error standard. The district judge specifically found that the suggestion that Lincoln One hadn't done anything was completely impossible. So the inquiry, in my opinion, is whether on the record as a whole that is an instance of clear error. And if the district court rejects the idea that Lincoln One is a non-active, not-yet-initiated company, then there is nothing further to do. Because then it's plaintiff's burden to establish that it was Missouri, and plaintiff didn't do that. There's nothing that happened in Missouri. All right. We've taken you over your argument in time, but I appreciate your argument. Thank you. If I could just add one brief follow-up to what was brought up, and just to clarify something. Lincoln One is not the one who makes the decisions as to where and when and how a lawsuit is filed. 3123 SMB is the plaintiff. They are the ones who make those decisions. It's clear those took place in California, and the lawsuits were filed in California. But because they're an LLC, we look to the citizenship of their sole shareholder. We only look at the citizenship of Lincoln One. That's the only thing that matters. Is that a universal rule in a case like this? It's sort of a strange thing, because the principal place of the – you know, where's – the plaintiff is an LLC. It's doing business like crazy in California. True. I'm not arguing that. It's the only company. We did not change its citizenship to the citizenship of the state in which the holding company is. Well, and I think the Johnson court put it best, Your Honor, when they said, look, when we're talking about diversity jurisdiction, form matters. And here the form does matter. And, I mean, we've – you know, we can debate endlessly whether a citizenship or whether a corporation is a person and whether they have a right to have citizenship. That's already been decided for us. They do. It does. It's pretty clearly that everything Lincoln One did was done in Missouri, and that's what we're left with. But the only thing they did was incorporate. The only thing they did at the time this lawsuit was filed was incorporate. Well, counsel made the argument that Lincoln One did more than just simply incorporate. It actually undertook activities to manage the building in Santa Monica. Where is that in the record before us? And I'd like to address that, Your Honor, because that is important to clear up what the record was, is that there was a point in the deposition, and this was pointed out in my brief, there was a point in the deposition where Mr. Kling became confused between whether he was being asked about 3123 or Lincoln One. And that was clarified later in the record. I point out where in my brief. And, in fact, it was defendant's counsel who said, oh, you were talking about Lincoln One here, you were talking about 3123 when you meant to be talking about Lincoln One or vice versa. I think it was vice versa. Happens to judges too. Yeah, it happens to me all the time. But there was some confusion in the record about what he was talking about. It was clarified later. It was made clear the only thing Lincoln One did was have board meetings ratified what 3123 did later, which was after the lawsuit. Is counsel correct in saying that the individual shareholder never, none of the people at interest were in Missouri at any relevant time to this case? At any relevant time for this case? In other words, I'm sure the Klings had been to Missouri at some previous point, but they were not there after the incorporation of Lincoln One. But before the lawsuit was filed, that would be my memory. But it's not in the record. The record doesn't show. The record doesn't show. It's your burden. The record doesn't show their presence. Right. The record does not disclose that. Okay. All right. Thank you very much. Thank you very much. The matter is submitted for decision by this court.
judges: Nguyen, Hurwitz, Logan